**Cheryl SPATA, Plaintiff–Appellant,**

**v.**

**SMITH'S FOOD & DRUG CENTERS, INC., Defendant–Appellee.**

No. 05–17171.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2007.

Filed Nov. 2, 2007.

Randall M. Rumph, Esq., Rumph and Peyton, Las Vegas, NV, for Plaintiff–Appellant.

Dan Waite, Esq., Beckley Singleton, Chtd., Las Vegas, NV, Steven C. Bednar, Esq., Manning, Curtis, Bradshaw & Bednar, Salt Lake City, UT, for Defendant–Appellee.

Appeal from the United States District Court for the District of Nevada, Kent J. Dawson, District Judge, Presiding. D.C. No. CV–04–00965–KJD.

Before: THOMPSON and TALLMAN, Circuit Judges, and DUFFY *, Senior Judge.

MEMORANDUM **

## I. *BACKGROUND*

Cheryl Spata ("Spata") appeals the district court's order granting summary judg-

---

\* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment in favor of Smith's Food & Drug Centers, Inc. ("Smith's") on Spata's claim of retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), and her public policy employment tort claim under Nevada law. Spata has been an employee of Smith's since 1994, working her way from cashier to a managerial position. In October of 2003, Spata was demoted back to a cashier. She alleges that the demotion was in retaliation for her complaints of mold in the workplace and a related worker's compensation claim, and in retaliation for her complaints to upper management about a separate FLSA violation she believed she had uncovered.

Spata argues that the district court improperly applied the *McDonnell Douglas* burden-shifting model for its FLSA analysis, ignored evidence, and erred by holding that tortious demotion was not actionable under Nevada law. As the parties are familiar with the facts and procedure of this case, we recite them only where necessary to explain our disposition.

## II. DISCUSSION

We review the district court's grant of summary judgment de novo, *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir.1997), viewing the evidence in the light most favorable to the appellant, *Dominguez–Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1033 (9th Cir.2005).

■ Spata argues that the district court erred by applying the *McDonnell Douglas* framework in its FLSA analysis.[1] She claims this framework is inapplicable in determining whether evidence is sufficient to overcome summary judgment be-

cause she presented direct evidence of a retaliatory motive, rather than mere circumstantial evidence. The district court did not commit reversible error because "whether [a plaintiff] relies on the *McDonnell Douglas* presumption or, whether he relies on direct or circumstantial evidence of discriminatory intent to meet his burden[,][u]nder either approach, [the plaintiff] ... must counter [the employer's] explanation" for the adverse employment action. *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1123 (9th Cir.2004).

Spata contends that she was demoted in retaliation for complaining about a potential FLSA violation. Smith's warned Spata, a manager, not to speak disparagingly to other employees, on pain of possible termination. Spata admits that she violated that warning. To counter Smith's proffered, non-retaliatory reason for demoting her, Spata presented unavailing circumstantial evidence of retaliatory animus. Such evidence did not amount to the "specific and substantial" evidence of pretext required to avoid summary judgment. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir.1998).

Spata is not entitled to immunity from discipline merely because she uncovered a possible FLSA violation. The evidence shows that Spata was demoted for her admitted misconduct rather than in retaliation for her complaints. Therefore, summary judgment was proper.

■ As to her public policy claim for tortious demotion, the district court properly ruled in favor of Smith's. Spata remains employed by Smith's, although demoted and presently on medical leave.

1. Under this framework, after the plaintiff makes a prima facie case of discrimination, the burden shifts to the defendant to provide a legitimate nondiscriminatory reason for the adverse employment action. *McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If the defendant provides such a reason, the burden shifts back to the plaintiff to show that the proffered reason is a mere pretext. *Id.*

She has never resigned nor has her employment ever been terminated. As such, her state law claim for tortious discharge must fail. While Nevada recognizes a claim for tortious *discharge, Hansen v. Harrah's,* 100 Nev. 60, 675 P.2d 394, 397 (1984), the state has yet to expand the tort to include tortious *demotion.* "As a federal court ruling on state law, we feel no duty to be in the vanguard in changing the state law." *See Brown v. Link Belt Corp.,* 565 F.2d 1107, 1111 (9th Cir.1977). Therefore, summary judgment was proper.

## III. CONCLUSION

Spata has not provided specific and substantial evidence of pretext to counter Smith's contention that it demoted her because she admittedly violated the warning not to talk negatively about Smith's. Also, Spata has not demonstrated that her demotion amounts to an actionable public policy tort under Nevada law. We **AFFIRM** the district court's grant of summary judgment to Smith's as to Spata's claims.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.